UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RUTH A. SAWYER,

       Plaintiff,

v.                            Case No: 2:17-cv-178-FtM-38CM

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## OPINION AND ORDER[1]

Before the Court is United States Magistrate Judge Carol Mirando's Report and Recommendation ("R&R"). (Doc. 23). Judge Mirando recommends affirming the Commissioner of Social Security's decision to deny Plaintiff Ruth A. Sawyer disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). (*Id.*). Sawyer objects to the R&R (Doc. 24), to which the Commissioner has responded (Doc. 25). The R&R is thus ripe for review.

## BACKGROUND

The Court adopts the factual background detailed in the R&R. (Doc. 23 at 2-4). For brevity's sake, the Court will briefly outline the procedural background. Nearly five

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

years ago, Sawyer applied for a period of disability, DIB, and SSI for her alleged type 2 diabetes, high blood pressure, high cholesterol, recurrent incisional hernia, anxiety, severe stress, and diverticulitis. (Docs. 18-3 at 4; 18-5 at 16). After a hearing, Administrative Law Judge ("ALJ") Hortensia Haaversen denied Sawyer's application having found that she was not disabled. (Doc. 18-2 at 10-24, 32-76). The Appeals Council denied Sawyer's request for review, making the ALJ's decision the Commissioner's final decision. (*Id.* at 2-4). Thereafter, Sawyer filed the instant appeal. (Doc. 1).

## LEGAL STANDARDS

### A. Review of the Magistrate Judge's Report and Recommendation

In reviewing a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). When a party makes specific objections to a magistrate judge's report, the district court engages in a *de novo* review of the issues raised. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

### B. Review of the ALJ's Decision

A court's review of the Commissioner's decision is limited to evaluating whether substantial evidence supports the decision and whether the ALJ applied the proper legal standards. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). This review is *de novo*. *See Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986)). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v.*

*Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)). "[The Court] may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing *Phillips v. Barnhart*, 357 F.3d 1232, n. 8 (11th Cir. 2004)). The ALJ's decision must be affirmed if it is supported by substantial evidence, even if the Court finds the evidence more likely supports a different conclusion. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

## DISCUSSION

Plaintiff raises three objections to the R&R, offering nothing more than a reiteration of the arguments she made in the parties' Joint Memorandum. (Doc. 22). Sawyer asserts the ALJ erred because she: (1) improperly relied on Dr. Peele's opinion in establishing her residual functional capacity ("RFC"); (2) failed to evaluate the severity of Plaintiff's neck, knee, and hand/wrist impairments and include such impairments in her RFC; and (3) failed to investigate whether a conflict existed between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). (Doc. 24). Sawyer also asserts Judge Mirando erred to the extent she rejected these same arguments. Plaintiff repeats her arguments as presented to Judge Mirando and adds no legal or factual support for her objections to the R&R.

After an independent review of the complete record, Joint Memorandum (Doc. 22), and applicable case law, the Court finds the R&R to be well reasoned, thorough, and legally sound. As such, the Court agrees with Judge Mirando's findings and

recommendations over Sawyer's objections. Therefore, the Commissioner's decision is affirmed.

Accordingly, it is now

**ORDERED:**

1. Plaintiff Ruth A. Sawyer's Objections to the United States Magistrate Judge's Report and Recommendation (Doc. 24) are **OVERRULED**.

2. United States Magistrate Judge Carol Mirando's Report and Recommendation (Doc. 23) is **ADOPTED and ACCEPTED** and the findings incorporated herein.

3. The Commissioner of Social Security's decision is **AFFIRMED**.

4. The Clerk of Court is **DIRECTED** to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner of Social Security, and to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 20th day of August 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record